# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GRACIELA DEL CARMEN ROMERO, § § § *Plaintiff,* § § v. § CASE NO. 1:19-cv-683-RP § P.S.O.B., INC., d/b/a PACIFIC STAR § RESTAURANT & OYSTER BAR; and § JOAQUIN LEYVA, § § *Defendants.* § | |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into and made by and between Graciela del Carmen Romero (hereinafter referred to as "Plaintiff"), and P.S.O.B., INC., d/b/a Pacific Star Restaurant & Oyster Bar and Joaquin Leyva (hereinafter jointly referred to as "Defendants"). Plaintiff and Defendants are jointly referred to herein as "the Parties," and each individually as a "Party."

Without any admission of liability and in consideration of the payments and mutual promises set forth below, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Definitions**
    a. "Agreement" shall mean this Settlement Agreement.
    b. "Lawsuit" shall mean the lawsuit styled *Graciela del Carmen Romero v. P.S.O.B., INC., d/b/a Pacific Star Restaurant & Oyster Bar et al.*, Civil Action No. 1:19-cv-683-RP, pending in the United States District Court for the Western District of Texas, Austin Division.

2. **Settlement Payment**

Defendants shall pay to the Designated Payees the total sum of $9,000.00 as follows:

a. A check in the gross amount of $2,753.75 shall be made payable to Graciela del Carmen Romero. It is the understanding and intent of the Parties that this amount shall be treated as employment compensation. Defendants shall provide to Plaintiff a Form W-2 with this amount entered in Box 1. Applicable withholdings from this amount will be made on the basis of a miscellaneous payroll period of 365 days.

b. A check in the amount of $2,753.75 shall be made payable to Graciela del Carmen Romero. It is the understanding and intent of the Parties that this amount shall consist entirely of liquidated damages as authorized under the Fair Labor Standards Act. Defendants shall provide to Plaintiff a Form 1099-MISC with this amount entered in Box 3.

c. A check in the amount of $3,492.50 shall be made payable to the Equal Justice Center Client Trust Account. It is the understanding and intent of the Parties that this amount shall consist entirely of attorney fees and costs as authorized under the Fair Labor Standards Act.

Defendants, as payors, shall deliver payments to the offices of the Equal Justice Center, 510 S. Congress Ave., Ste. 206, Austin, Texas 78704, within ten days of the execution of this Agreement. The Parties agree to each be responsible for their own respective tax liability, if any, and compliance with federal and state tax laws arising out of the settlement payment to Plaintiff. The Parties acknowledge that no representations have been made to them by any other party or their counsel regarding their tax liability, if any, for the payments described in this Agreement.

### 3. Default

Should Defendants fail to deliver the settlement payment pursuant to Section 2 of this Agreement, Plaintiff's counsel shall give written notice via e-mail to Rekha Roarty at rroarty@bclawtx.com and via facsimile at (512) 477-5821. In the event Defendants fail to cure their breach within five days, Plaintiff shall be entitled to a default final judgment against all Defendants, jointly and severally in the amount of $9,000.00 minus any payment received.

### 4. Mutual Release

Upon receipt of the funds described in Section 2 of this Agreement, Plaintiff agrees to release all claims that were asserted in this lawsuit, and the Parties each agree to release all other claims and counterclaims deriving from a common nucleus of operative facts that could have been asserted in this lawsuit. Plaintiff is not aware of or anticipating any pending claims against Defendants.

### 5. Dismissal of Lawsuit

Plaintiff, as consideration for the settlement payment described above, agrees that within ten business days of receipt of the funds described in Section 2 of this Agreement, the Parties will execute and file a joint motion to dismiss with prejudice all claims against all Defendants in the Lawsuit. The motion and order are attached to this Agreement as Exhibit 1.

### 6. No Admission of Liability

It is understood and agreed that neither this Agreement nor any other act or statement of the Parties shall be construed to be an admission of liability on the part of any of the Parties. Specifically, it is understood that Defendants have contested certain allegations made in the Lawsuit and deny liability; and that by and through the settlement of the Lawsuit, the Parties are not admitting liability, but rather that settlement has been made to avoid the uncertainties and costs

of litigation. Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor any statement made or document prepared in connection with the negotiation or performance of it, shall be offered or received in evidence for any purpose except to seek approval of the Agreement, mediation of disputes related to the Agreement, or enforcement of the Agreement.

### 7. Retaliation Prohibited

Defendants agree not to intimidate, threaten, restrain, coerce, blacklist, or in any manner discriminate against Plaintiff, and Defendants certify that they have not and will not cause any person to intimidate, threaten, restrain, coerce, blacklist, or in any manner discriminate against Plaintiff.

### 8. Representations and Warranties

The Parties hereto each represent and warrant to the other the following:

a. They are represented and have been advised by counsel in connection with the negotiation and execution of this Agreement, and are acting wholly upon their own individual judgment, belief, and knowledge, and that this Agreement is made without reliance upon any statement or representation not contained in this Agreement.

b. They understand the terms of this Agreement and the terms were explained by their counsel in a language which they understand.

c. No Party is providing any tax advice with respect to this Agreement or payment made pursuant to this Agreement. No Party assumes any liability whatsoever to another Party or to any local, state, or federal taxing authority for the tax consequences or treatment of any payment made pursuant to this Agreement.

d. Each Party has the necessary and appropriate authority to execute this Agreement; there are no pending agreements or negotiations to which any of them are a Party that would render this Agreement or any part thereof void, voidable, or unenforceable; and no claim or loss being paid or settled under this Agreement has been previously assigned, sold, or transferred to any other person or entity.

e. Each Party understands and agrees that, by execution hereof, the terms of this Agreement are binding upon each Party and upon all representatives, heirs, successors and assigns of each Party.

### 9. Merger, Integration, and Amendment

The Parties stipulate and agree that this Agreement contains the entire agreement of the Parties, that all prior oral or written statements, representations, and covenants are merged into this Agreement, and that any other agreements not expressly stated herein are void and have no further force and effect. The Parties agree that the Agreement may not be amended or modified except by a subsequent, written agreement executed by the Parties.

### 10. Severability

The Parties' obligations in this Agreement are severable. The Parties agree that if any court or administrative tribunal of competent jurisdiction determines that any provision of this Agreement is illegal, invalid, or unenforceable, such illegal, invalid, or unenforceable provision shall be severed from the Agreement and the remainder of this Agreement shall not be affected thereby and shall remain in full force and effect. Notwithstanding anything in this paragraph, approval of this Agreement and the settlement memorialized herein by the Court in the Lawsuit is a condition to the continued effectiveness of this Agreement.

### 11. Governing Law, Forum

The interpretation of this Agreement shall be governed by the laws of the State of Texas, without regard to any choice-of-law rules that might otherwise refer to the substantive law of some other jurisdiction.

### 12. Counterparts

This Agreement may be executed in one or more counterparts, by mail, fax, or electronic mail, all of which taken together shall constitute one instrument.

### 13. Construction

This Agreement was jointly drafted. Therefore, the parties agree that this Agreement shall not be strictly construed against any Party.

By signing below, the undersigned each represent and warrant that he or she has read the foregoing Agreement, or if the undersigned does not read English, has had this agreement translated, fully understands this Agreement and its terms, has had the benefit of legal counsel, and agrees to the terms set forth herein.

**THIS IS A FINAL AND BINDING AGREEMENT.**

GRACIELA DEL CARMEN ROMERO, INDIVIDUALLY

*Graciela C Romero*          10-9-19
GRACIELA DEL CARMEN ROMERO          DATE

JOAQUIN LEYVA, INDIVIDUALLY

_____          __10/16/2019__
JOAQUIN LEYVA                             DATE

P.S.O.B., INC.

By: _Jeffrey A. Barnett_

Name: _Jeffrey A. Barnett_

Title: _President, PSOB Inc_

Date: _10/16/19_