# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GRACIELA DEL CARMEN ROMERO, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CASE NO. 1:19-cv-683-RP |
| P.S.O.B., INC., d/b/a PACIFIC STAR RESTAURANT & OYSTER BAR; and JOAQUIN LEYVA, | § § § § § | |
| *Defendants*. | § § | |

## DECLARATION OF ANNA BOCCHINI

1.  My name is Anna Bocchini. I am over the age of 21, of sound mind, and competent to make this declaration.

2.  My colleague Rebecca Eisenbrey and I represented Ms. Graciela del Carmen Romero throughout this litigation. We are both employed by the Equal Justice Center (EJC), a nonprofit, public-interest law firm—with offices in Austin, Dallas, Houston, and San Antonio—that specializes in representing low-income working people in employment-related legal matters. The EJC has recovered over twelve million dollars in unpaid wages and damages on behalf of thousands of low-income workers since it was founded in 2001.

3.  My education, experience, and expertise include the following. I graduated with honors from the University of Texas School of Law in 2008, and have worked as a staff attorney at the EJC throughout the entirety of my legal career. I am a member of the Texas Employment Lawyers Association and the Employment Law Task Force of the State Bar of Texas. For over a decade I have litigated in state and federal courts in Texas on behalf of hundreds of low-wage workers in in employment discrimination, wage and hour, breach of contract, and construction law cases. My practice, and the EJC's practice, is particularly focused on FLSA cases. I act as one of

three senior, managing attorneys who supervise the EJC's employment litigation across its four offices. In addition to my role at the EJC, I also serve periodically as an Adjunct Professor at the University of Texas School of Law, educating and supervising law students on employment law cases through the institution's Transnational Worker Rights Clinic.

4. Rebecca Eisenbrey is a 2015 graduate of the University of Michigan Law School, where she was awarded the Henry M. Bates Memorial Scholarship—widely regarded as institution's highest honor. Before joining the EJC as a staff attorney in the fall of 2017, Ms. Eisenbrey spent two years clerking for the Honorable James L. Dennis on the Fifth Circuit Court of Appeals in New Orleans, Louisiana. Her practice includes individual, collective, and class actions for unpaid wages, sexual harassment, discrimination, labor trafficking, and other employment matters. Ms. Eisenbrey is a member of the Texas Employment Lawyers Association, and currently serves as co-chair of the Employment Law Task Force of the State Bar of Texas, developing and hosting CLE presentations on various matters related to practicing employment law on behalf of low-wage workers.

5. Mark Conlon and Laura Tucker were Texas Law students who interned at the EJC in the summer of 2019, getting hands-on experience and training in active civil litigation. Part of their work included contributing substantively to the development and resolution of this case. Mr. Conlon's and Ms. Tucker's work on this matter was at all times supervised by me and Ms. Eisenbrey. They were trained on appropriate billing practices and the use of the EJC's billing software, in which they recorded their time contemporaneously.

6. I am familiar with the customary hourly rates of attorneys and law clerks in employment litigation in the Western District of Texas. Based on my knowledge and experience in this area of practice, it is my opinion the following rates are reasonable compared to attorneys

of comparable skill, expertise, and experience in employment litigation in the Austin, Texas market:

- Attorneys:
  - Anna Bocchini, J.D. 2008 ($405)
  - Rebecca Eisenbrey, J.D. 2015 ($300)

- Law Students:
  - Mark Conlon ($125)
  - Laura Tucker ($125)

7. The hourly rates used in the lodestar calculation are similar to or less than rates awarded by federal courts in the Western District of Texas to lawyers of comparable expertise and experience in employment cases, as shown in examples below.

| Adjusted Hourly Rate[1] | Hourly Rate Awarded | Years in Practice[2] | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| **Western District** | | | | | |
| $585 | $585 | 8 | Colin Walsh | 08/23/19 | *Johnson v. Southwest Research Institute*, No. 5:15-cv-00297 [Doc. 176] (W.D. Tex. San Antonio) (Judge Royce C. Lamberth) |
| $479.16 | $425 | 11 | Rachhana T. Srey | 11/10/15 | *Clark v. Centene Corp.*, No. 1:12-cv-00174-SS [Doc. 180] (W.D. Tex. Austin) (Judge Sam Sparks) |
| $310.04 | $275 | 6 | Alexander Baggio | 11/10/15 | *Clark v. Centene Corp.*, No. 1:12-cv-00174-SS [Doc. 180] (W.D. Tex. Austin) (Judge Sam Sparks) |
| $286.34 | $250 | 3 | Michael L. Parsons | 10/08/14 | *Meesook v. Grey Canyon Family Medicine*, *P.A.*, No. 5:13-cb-729-XR [Doc. 39], 2014 WL 5040133 (W.D. Tex. San Antonio) (Judge Xavier Rodriguez) |

---

[1] Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation.

[2] Year of award minus year graduated from law school.

8. My firm and I maintained detailed, contemporaneous records of our time spent on each task that was necessary to the successful resolution of this matter, which are summarized in the spreadsheet attached hereto as Exhibit B-1. The latest entry shown on said exhibit is from 9/3/2019. Plaintiff's counsel invested additional hours in the resolution of this matter beyond that date, but the parties' negotiations centered on the fees accrued prior to the date on which they reached an agreement as to the monetary settlement amount.

9. I exercised billing judgment to write off time for duplicative tasks and to reduce time for work that may have been unproductive, inefficient, or clerical in nature. Any time billed that appears in Exhibit B-1 that multiple timekeepers spent simultaneously on the same or related tasks reflects an instance of dividing tasks into discrete subparts. All time for tasks that could have been performed by fewer timekeepers either was written off or was never recorded in the attached time records. When possible, substantive work was assigned to law students, reducing the total lodestar.

10. Through 9/3/2019, the EJC had recorded a total of 28.6 hours litigating this matter, and incurred a total "raw" lodestar amount of $5,570.00. However, after writing off numerous hours in the exercise of billing judgment, the EJC's remaining lodestar was reduced to $2,872.50. All time entries in Exhibit B-1 show the time incurred on any given task versus the time actually billed. Each time entry written off completely as an exercise in billing discretion is highlighted in yellow, and each time entry that was reduced is highlighted in green.

11. The total amount of the time actually billed after the exercise of billing discretion includes:

- 2.2 hours at the rate of $405 per hour for Anna Bocchini, for a total of $898;
- 4.2 hours at the rate of $300 per hour for Rebecca Eisenbrey, for a total of $1,248; and

- 5.8 hours at the rate of $125 per hour for Mark Conlon, for a total of $726.50.

12. Exhibit B-1 also includes a summary report of the costs actually incurred by the EJC in the litigation of this matter, which totaled $620 including the $400 filing fee to initiate this action, in addition to costs of $220 to serve both Defendants.

13. The legal work for which Plaintiff settled her claim for attorney's fees included investigating Plaintiff's claims; drafting the complaint and conducting related research; analyzing records provided by Plaintiff and Defendants and preparing wage calculations; and engaging in settlement negotiations.

14. Fruitfully endeavoring to allay significant fee and cost accrual, the parties focused their efforts on resolution soon after Defendants were served with process—which is why Defendants never filed an answer in this action.

15. The parties engaged in a period of informal discovery, during which Defendants shared Plaintiff's pay records and timeclock data for the three years preceding the initiation of the lawsuit. Each side reviewed the raw data and analyzed it independently, reaching a uniform consensus that the maximum amount of overtime wages possibly owed to Plaintiff totaled $2,753.75. The chart below depicts the data culled from the records shared, and the basis of the parties' computation of Defendants' uppermost exposure for unpaid overtime wages.

| Date Range | Regular Rate ("RR") | Total Overtime Hours In Timeclock Records ("OT Hrs") | Maximum Overtime Pay Owed (=RR * .5 * OT Hrs) |
|---|---|---|---|
| 7/2016-12/31/2017 | $10 | 312.95 | $1,564.75 |
| 1/1/2018-3/30/2019[3] | $12 | 177.75 | $1,066.50 |
| 4/1/2019-5/23/2019[4] | $12.50 | 19.6 | $122.50 |
| | | *Maximum Allegedly Owed* | *$2,753.75* |

---

[3] Plaintiff had a three-month break from her work with Defendants during this period.
[4] May 3, 2019 was Plaintiff's last day of employment with Defendants.

16. Plaintiff alleged that the timeclock data accurately reflected her actual hours worked, whereas Defendants took the position that the records artificially inflated Plaintiff's hours. Additionally, Plaintiff alleged that her overtime claim should be subject to a three-year limitations period, whereas Defendants contended that Plaintiff could not meet her burden of proof to expand the default two-year limitations period.

17. Despite their bona fide factual disputes, pursuant to the terms of the parties' settlement agreement, Defendants agreed to pay, and have paid, Plaintiff a total of $5,507.50—consisting of the full $2,753.75 to which Plaintiff believed she was entitled, together with an equal amount in liquidated damages. Pursuant to the parties' settlement agreement, Defendants agreed to pay, and have paid, $3,492.50 to the EJC to settle Plaintiff's claim for attorney's fees and costs.

18. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Travis County, State of Texas, on April 17, 2020.

*Anna Bocchini*

Anna Bocchini
Attorney for Plaintiff

# EXHIBIT B-1

## 1:19-cv-00683-RP; *Graciela del Carmen Romero v. P.S.O.B., Inc., et al*

### Summary Cost Report

| Date | Description | Cost |
|---|---|---|
| 7/3/2019 | Filing Fee | $400.00 |
| 8/1/2019 | Service | $105.00 |
| 8/1/2019 | Service | $115.00 |
| **TOTAL COSTS** | | **$620.00** |

### Abbreviations

| | |
|---|---|
| *Timekeepers-Attorneys* | |
| AB | Anna Bocchini |
| RE | Rebecca Eisenbrey |
| *Timekeepers-Law Students* | |
| LT | Laura Tucker |
| MC | Mark Conlon |
| *General* | |
| Conf | Confer |
| Ds | Defendants |
| FA | Factual Analysis |
| OC | Opposing Counsel |

### Summary Lodestar Fee Report

| Date | Staff | Rate | Hours Incurred | Hours Billed | Task Summary | Fees Incurred | Fees Billed |
|---|---|---|---|---|---|---|---|
| 6/28/2019 | AB | $405.00 | 1.8 | 1.0 | Meeting w/ client re: representation and facts for complaint | $729.00 | $417.00 |
| 7/3/2019 | AB | $405.00 | 1.1 | 0.8 | Final draft complaint | $445.50 | $319.00 |
| 7/8/2019 | AB | $405.00 | 0.2 | 0 | Draft/file request issuance summons | $81.00 | $0.00 |
| 8/8/2019 | AB | $405.00 | 0.2 | 0.2 | TC w/ client re: settlement authority | $81.00 | $81.00 |
| 9/3/2019 | AB | $405.00 | 0.2 | 0.2 | TC w/ client re: settlement authority | $81.00 | $81.00 |
| *AB Total Hours* | | | 3.5 | 2.2 | *AB Total Fees* | $1,417.50 | $898.00 |
| 6/18/2019 | RE | $300.00 | 1.2 | 0.7 | Intake Case Evaluation/FA | $360.00 | $200.00 |
| 7/2/2019 | RE | $300.00 | 2 | 1.5 | Drafted complaint | $600.00 | $450.00 |
| 7/26/2019 | RE | $300.00 | 0.4 | 0.4 | Call w/ OC re: settlement negotiations | $120.00 | $120.00 |
| 8/2/2019 | RE | $300.00 | 0.2 | 0.2 | Call w/ OC re: settlement negotiations | $60.00 | $60.00 |
| 8/29/2019 | RE | $300.00 | 2 | 1.4 | Review records; finalize damages calculations | $600.00 | $418.00 |
| *RE Total Hours* | | | 5.8 | 4.2 | *RE Total Fees* | $1,740.00 | $1,248.00 |
| 6/25/2019 | MC | $125.00 | 0.3 | 0 | TC w/ client about setting up a meeting | $37.50 | $0.00 |
| 6/25/2019 | MC | $125.00 | 1 | 0 | TC w/ AB & LT re: research, complaint drafting, and client meeting | $125.00 | $0.00 |
| 6/26/2019 | MC | $125.00 | 0.3 | 0 | TC with PC about meeting and directions | $37.50 | $0.00 |
| 6/26/2019 | MC | $125.00 | 5 | 2.8 | Researching Pacific Star Oyster Bar; PSOB Inc. | $625.00 | $344.50 |
| 6/27/2019 | MC | $125.00 | 0.1 | 0 | TC w/ PC regarding directions and appointment | $12.50 | $0.00 |
| 6/28/2019 | MC | $125.00 | 1 | 1 | Wage calculations based on client's paystubs | $125.00 | $125.00 |
| 7/1/2019 | MC | $125.00 | 0.3 | 0 | File Prep and Scanning | $37.50 | $0.00 |
| 7/2/2019 | MC | $125.00 | 0.7 | 0 | Drafted post-filing letters for service | $87.50 | $0.00 |
| 7/2/2019 | MC | $125.00 | 0.2 | 0 | Original Complaint editing and review | $25.00 | $0.00 |
| 7/11/2019 | MC | $125.00 | 0.5 | 0.5 | Draft post-filing corr. to Ds | $62.50 | $62.50 |
| 7/25/2019 | MC | $125.00 | 0.7 | 0 | TC w/ client and email with RE, AB, LT | $87.50 | $0.00 |
| 7/26/2019 | MC | $125.00 | 0.2 | 0 | TC w/ client, No answer | $25.00 | $0.00 |
| 7/29/2019 | MC | $125.00 | 0.5 | 0.5 | TC w/ client | $62.50 | $62.50 |
| 7/29/2019 | MC | $125.00 | 0.1 | 0 | TC w/ client | $12.50 | $0.00 |
| 8/2/2019 | MC | $125.00 | 1.5 | 1.1 | Updated wage calculations based on data provided by OC | $187.50 | $132.00 |
| *MC Total Hours* | | | 12.4 | 5.8 | *MC Total Fees* | $1,550.00 | $726.50 |
| 6/26/2019 | LT | $125.00 | 3.5 | 0 | Drafted complaint | $437.50 | $0.00 |
| 6/28/2019 | LT | $125.00 | 1.8 | 0 | Conf w/ client, AB, MC | $225.00 | $0.00 |
| 7/1/2019 | LT | $125.00 | 0.4 | 0 | Revised complaint | $50.00 | $0.00 |

| Date | Staff | Rate | Hours Incurred | Hours Billed | Task Summary | Fees Incurred | Fees Billed |
|---|---|---|---|---|---|---|---|
| 7/3/2019 | LT | $125.00 | 0.1 | 0 | Conf w/ AB | $12.50 | $0.00 |
| 7/10/2019 | LT | $125.00 | 0.3 | 0 | Filed suit w/ MC and AB | $37.50 | $0.00 |
| 7/12/2019 | LT | $125.00 | 0.1 | 0 | Mailed letter to Ds | $12.50 | $0.00 |
| 7/19/2019 | LT | $125.00 | 0.3 | 0 | Conf w/ RE and AB | $37.50 | $0.00 |
| 7/19/2019 | LT | $125.00 | 0.4 | 0 | TC w/ RE and OC re: facts/settlement efforts | $50.00 | $0.00 |
| *LT Total Hours* | | | *6.9* | *0* | *LT Total Fees* | *$862.50* | *$0.00* |
| | | | | | | | |
| **TOTAL HOURS** | | | **28.6** | **12.2** | **TOTAL FEES** | **$5,570.00** | **$2,872.50** |